418

**In re Joseph LLOYD, Debtor.**

No. 01–01479.

United States Bankruptcy Court,
District of Columbia.

Dec. 18, 2007.

Harris S. Ammerman, Ammerman & Goldberg, Washington, DC, for Debtor.

Cynthia A. Niklas, Washington, DC, Chapter 13 Trustee.

*MEMORANDUM DECISION REGARDING MOTION TO CONVERT TO CHAPTER 13*

S. MARTIN TEEL, JR., Bankruptcy Judge.

After the debtor received a discharge in this case under chapter 7 of the Bankruptcy Code (11 U.S.C.) on November 12, 2001, and after the case remained closed for more than five years, this case was recently reopened on the debtor's motion. For the reasons that follow, I will grant the debtor's unopposed motion to convert the case to a case under chapter 13 of the Bankruptcy Code. However, as discussed below, by reason of 11 U.S.C. § 348(d),[1] any claim against the debtor that arose after this case was commenced on July 12, 2001, other than a claim specified in 11 U.S.C. § 503(b),[2] might be subjected to the effects of the debtor's bankruptcy discharge (which was issued on November 12, 2001) were the case re-converted to chapter 7. It would likely be inappropriate for the debtor to have obtained a reopening of the case that would subject any such claim to that treatment. Accordingly, I will provide in the order converting the case that, if the case is re-converted to chapter 7, then for the purpose of applying § 348(d) to any claim (other than a claim specified in § 503(b)), the order converting the case to chapter 13 will be treated as never having been entered (with the case being treated for that purpose as having remained in chapter 7 and as not having been re-converted to chapter 7 under § 1307), subject to the right of the debtor

(and of any holder of a postpetition claim), upon re-conversion of the case to chapter 7, to show cause why § 348(d) should apply to postpetition claims (other than a claim specified in § 503(b)).

I

The debtor filed his petition commencing this case on July 12, 2001, and that effected an order for relief under chapter 7 on that date. 11 U.S.C. § 301. He received a discharge on November 27, 2001. The chapter 7 trustee reported that there were no assets from which a distribution could be made to creditors, and the case was closed on December 28, 2001, without creditors ever being given notice of a deadline to file proofs of claim.

On November 12, 2007, almost six years after this case was closed, the debtor filed a motion to reopen the case, reporting that "[t]he debtor has been awarded a monetary recovery against Exxon Corp. which includes unpaid earnings during the period that preceded the filing of his bankruptcy case," that he was unaware of his claim against Exxon Corp. when he commenced his case in 2001, and that he desired upon the case being reopened to have it converted to chapter 13 in order to pay claims that were subject to his chapter 7 discharge. Because I felt that creditors are entitled to have a case reopened in order to administer unscheduled assets of the estate, I reopened the case on November 14, 2007. The debtor then filed his motion to convert the case to chapter 13.

II

 The debtor's chapter 7 discharge need not be vacated in order for creditors

---

1. All references in this decision to provisions of the Bankruptcy Code are to the provisions of the Bankruptcy Code as it stood prior to the significant amendments made to it in 2005.

2. Section 503(b) addresses claims that are entitled to be allowed as administrative expense claims.

to file proofs of claim in the chapter 13 case, and the debtor may not obtain a confirmed plan without according creditors the same treatment to which they would be entitled had the debtor never obtained a discharge. *See In re Mosby*, 244 B.R. 79 (Bankr.E.D.Va.2000) (holding that a discharge in chapter 7 does not preclude creditors from filing proofs of claim and being paid under the debtor's chapter 13 plan). Moreover, at this juncture, there is no suggestion that conversion to chapter 13 will produce a distortion of the purposes of the Bankruptcy Code: the debtor will pursue the claim against Exxon, Inc. on behalf of the estate in chapter 13, but that would have been his right had the asset been scheduled in the first place and had he obtained a conversion of the case to chapter 13 prior to the case being closed. Accordingly, I will grant the unopposed motion to convert the case to chapter 13.

## III

■ However, there is a danger that upon a re-conversion to chapter 7, claims that arose after the commencement of the case would be treated as arising prior to 2001 and as being subjected to the debtor's discharge in chapter 7, and given the long time since the case was closed, that *would* (at least potentially) distort the functioning of the Bankruptcy Code that Congress intended. Section 348(d) of the Bankruptcy Code provides:

> a claim against ... the debtor that arises after the order for relief, but before conversion in a case that is converted under section ... 1307 of this title,

other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.

With exceptions of no relevance here, the order for relief remains and will remain July 12, 2001, despite the conversion of the case to chapter 13 and any re-conversion to chapter 7. *See* 11 U.S.C. § 348(a). Accordingly, unless the court's order converting this case to chapter 13 provided otherwise, a reconversion of the case to chapter 7 pursuant to 11 U.S.C. § 1307 (the provision of chapter 13 dealing with conversion) would probably result in the debtor's discharge (other than claims of a nondischargeable character under 11 U.S.C. § 523 and claims specified in § 503(b)) being applicable to such claims.

■ After the closing of the case in 2001, the holders of postpetition claims against the debtor justifiably could have believed that those claims would not be subjected to a discharge other than in a case commenced in the future. They may have extended credit based on non-exempt wealth the debtor accumulated after the case was closed, and that would not be property of his estate in the case closed in 2001.[3] Similarly, they may have extended credit based on income-generating employment the debtor obtained after the case was closed. In the case of creditors who extended credit after October 16, 2005, they may have believed that their claims could be discharged through a chapter 7 discharge only if the case were commenced after July 12, 2009.[4] Although the court

---

**3.** To some extent the court could address this issue via 11 U.S.C. § 348(f)(2) if the debtor were to re-convert his case to chapter 7 in bad faith. However, the debtor might be unable to complete a chapter 13 plan, such that a re-conversion to chapter 7 would not be in bad faith. Nevertheless, re-conversion to chapter 7 might distort the Bankruptcy Code were § 348(d) to be applicable.

**4.** *See* 11 U.S.C. § 727(a)(8) (as amended in 2005) (barring discharge if "the debtor has been granted a discharge under this section ... in a case commenced within 8 years before the date of the filing of the petition").

has reopened the case, the court has discretion to condition the conversion of the case to chapter 13 as not carrying with it the potential that postpetition claims will be subjected in an unwarranted fashion to the effects of § 348(d) should the case be re-converted to chapter 7.[5] Accordingly, the order of conversion will provide that the case will not be treated as having been converted to chapter 13 for purposes of applying § 348(d) to postpetition claims (other than a claim specified in § 503(b)) should the case be re-converted to chapter 7, all of this subject to the right of the debtor (and of any holder of a postpetition claim), upon the case being reconverted to chapter 7, to show that, despite the foregoing analysis, § 348(d) should apply to postpetition claims (other than a claim specified in § 503(b)).

An order follows.

Specifically, Congress enacted legislation in 2005 that significantly altered the Bankruptcy Code effective as to cases filed on or after October 17, 2005, and the holders of claims arising after that date could justifiably expect that their claims would not be subjected to a discharge by the debtor's filing a new case prior to July 12, 2009. In addition, the amended Bankruptcy Code contains other provisions protecting creditors upon which entities may have relied in extending the debtor credit after October 16, 2005.

5. *See Marrama v. Citizens Bank of Massachusetts,* —— U.S. ——, ——, 127 S.Ct. 1105, 1112, 166 L.Ed.2d 956 (2007) (by reason of the court's power under 11 U.S.C. § 105(a) to "prevent an abuse of process," the court may decline to convert a case to chapter 13 if bad faith would preclude the debtor from proceeding in chapter 13). By extension, the court should have the power to vacate or modify an order converting a case to chapter 13 in order to guard against a distortion of the purposes of the Bankruptcy Code that would arise were the case later re-converted to chapter 7. *Cf. In re OORC Leasing, LLC,* 359 B.R. 227 (Bankr.N.D.Ind.2007) (court declined to reopen case on the grounds, in part, that the debtor's conversion of the case to chapter 7 would expand the universe of creditors subjected to the debtor's discharge in chapter 11).